IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:17CR3090** |
| vs. | |
| ABREION N. ALEXANDER, | **ORDER** |
| Defendant. | |

This matter is before the court on Defendant's motion to suppress evidence and request for an evidentiary hearing. (Filing No. 20). For the reasons explained below, Defendant's motion should be denied in its entirety.

BACKGROUND

On April 14, 2017, Defendant was a passenger in a vehicle traveling in Lincoln, Nebraska. At approximately 1:17 a.m., Lincoln Police Officer Joseph Villamonte was observing traffic at the intersection of 48th and Madison Streets in Lincoln Nebraska when he saw a gold Oldsmobile Alero traveling south on 48th Street approaching Madison Street. The officer could not see a license plate on the vehicle.[1]

At the intersection, the vehicle turned onto Madison Street. Officer Villamonte noticed the driver of the Oldsmobile did not signal this turn 100 feet prior to turning. After the officer made a U-turn in the intersection to follow the Oldsmobile, the Oldsmobile quickly turned into a parking lot, again failing to

---

[1] The vehicle did have in-transit stickers.

signal 100 feet in advance of the turn. The officer initiated a traffic stop. The Oldsmobile stopped in the parking lot.

As Officer Villamonte was exiting his patrol vehicle, Defendant, who was a front seat passenger in the stopped vehicle, got out of that vehicle and begin running. The officer saw Defendant dropping items as he ran. One of those items appeared to be a car charger; the other was a dark object which sounded like metal when it hit the parking lot's concrete surface.

The backseat passenger in the stopped vehicle also fled from the scene. Officer Villamonte placed the driver in the rear seat of the officer's patrol vehicle and called for backup assistance. When other officers arrived, Officer Villamonte walked the direction Defendant had fled and found a loaded magazine of ammunition laying on the concrete.

## ANALYSIS

Defendant argues "that no reasonable suspicion or probable cause existed for Officer Villamonte to stop the vehicle in which he was a passenger," "the stop violated his rights under the Fourth Amendment," and therefore any evidence seized should be suppressed. (Filing No. 20 at CM/ECF pp. 1-2).

A traffic stop is legal if it is supported by probable cause to believe that a law violation has occurred. Whren v. United States, 517 U.S. 806, 810 (1996). "An officer has probable cause to conduct a traffic stop when he observes even a minor traffic violation. This is true even if a valid traffic stop is a pretext for other investigation." United States v. Sallis, 507 F.3d 646, 649 (8th Cir. 2007) (internal quotations omitted). A traffic stop "is valid even if the police would have ignored

the traffic violation but for their suspicion that greater crimes are afoot." United States v. Long, 532 F.3d 791, 795 (8th Cir. 2008) (quoting United States v. Chatman, 119 F.3d 1335, 1339-40 (8th Cir. 1997)). An officer's subjective motivations for a stop are not relevant if a traffic violation has occurred. Long, 532 F.3d at 795.

Under Nebraska statutory law and the Lincoln Municipal Code, "[a] signal of intention to turn or move right or left . . . . shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." Neb. Rev. Stat. Ann. § 60-6,161; Lincoln Municipal Code §10.14.170.  Failure to comply with this law provides probable cause to stop a vehicle.  United States v. Adler, 590 F.3d 581, 584 (8th Cir. 2009) (applying Nebraska law and holding the officer had probable cause to stop Defendant's vehicle for failing to signal a turn 100 feet in advance of turning).

Officer Villamonte's observation of the Oldsmobile turning corners without signaling 100 feet before those turns provided probable cause for the stop.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 20) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States

3

4

Courthouse, Lincoln, Nebraska, at 9:00 a.m. on **November 13, 2017**, or as soon thereafter as the case may be called, for a duration of three (3) trial days.   Jury selection will be held at the commencement of trial.

October 17, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
